UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROHO, INC.,

    Plaintiff,

v.                                              CASE NO: 8:05-cv-722-T-23EAJ

MEDI-HEALTHCARE, INC., and
ROBERT SLAMA,

    Defendants.
_____/

**ORDER**

ROHO, Inc., ("ROHO") files a five count complaint under federal and state law against Medi-Healthcare, Inc., ("MHI") and Robert Slama for trademark infringement, deceptive and unfair trade practices, and trademark dilution. ROHO owns trademarks registered with the United States Office of Patents and Trademarks, including ROHO, High Profile, and Dry Flotation ("ROHO trademarks"). The parties have settled the action and submit (Doc. 10) a "consent judgment and order of permanent injunction." The parties stipulation (Doc. 10) for entry of judgment and order of permanent injunction is **APPROVED** as follows:

Counts three, four, and five are **DISMISSED WITH PREJUDICE**. The Clerk is directed to enter judgment against the defendant and in favor of the plaintiff as to counts one and two. The defendant shall pay $7,000.00 in attorneys' fees and costs to the

plaintiff.  The defendants and all persons and entities acting on the behalf of or in cooperation with the defendants are permanently enjoined from:

    a.    using the word "ROHO" or any trademark owned by ROHO for any purpose in any marketing or sales literature or advertisement written or published by the defendants, including but not limited to literature or advertising published over the internet, World Wide Web, or any other electronic format;

    b.    making any representation, whether oral, written, or electronic, that any wheelchair cushion, mattress overlay, or mattress manufactured by any person or entity other than ROHO has bee manufactured, distributed, or marketed by ROHO;

    c.    making any representation, whether oral, written, or electronic, that any wheelchair cushion manufactured, produced, or fashioned by any person or entity other than ROHO from a mattress overlay originally manufactured by ROHO, or from any portion of any such mattress overlay, has been manufactured by ROHO;

    d.    making any representation, whether oral, written, or electronic, that any cushion manufactured, produced, or fashioned by any person or entity other than ROHO from a mattress overlay originally manufactured by ROHO, or from any portion of any such mattress overlay, is "the same as" or "identical to" wheelchair cushions manufactured by ROHO, or otherwise

- 3 -

        implying or stating that any such cushion is of a like nature or quality to products manufactured by ROHO;

e. selling any used or second hand ROHO cushion or mattress overlay section on which any of the ROHO trademarks appear unless such cushion or mattress section has attached to it a card or label with (1) the word "Used" printed in letters at least four inches high and (2) the words "ROHO, Inc., does not make any warranty, express or implied, with regard to used products, and the sale of this cushion (mattress overlay section) as 'used' voids any and all warranties made by ROHO, Inc., regarding this cushion (mattress overlay section)" appearing in letters at least one inch high. Further, the defendants shall issue an invoice to each person who purchases a used ROHO cushion or mattress overlay section that expressly states that the cushion or mattress overlay section is used; and

f. making any representation, whether oral, written, or electronic, that it sells of has available for rent any wheelchair cushions or mattress overlay sections manufactured or distributed by ROHO, except for purposes of selling, renting, or attempting to sell or rent cushions and mattress overlay sections that have actually been manufactured or distributed by ROHO.

Within ten days of the date of this order, the defendants shall deliver to ROHO all wheelchair cushions in its possession that were made or fashioned from ROHO mattress overlay sections, whether such wheelchair cushions have any of the ROHO trademarks attached thereto, to allow ROHO to destroy such cushions.

Within ten days of the date of this order, the defendants shall provide ROHO with the names, addresses, and telephone numbers of each person who purchased a wheelchair cushion from MHI (the "customer") that was made from a ROHO mattress overlay section, to the extent such information is available to the defendants either through the MHI computer system or by a manual review of invoices or other paperwork maintained by the defendants. ROHO shall be permitted to use this information to contact the customers to inform them that the wheelchair cushions that the customers purchased from the defendants were not manufactured by ROHO for use as wheelchair cushions, that these cushions are inferior to ROHO wheelchair cushions, and to offer to sell the customers ROHO wheelchair cushions at dealer cost provided that the customer agrees to return to ROHO the cushion that the customer purchased from the defendants for destruction by ROHO.

Within ten days of the date of this order, the defendants shall provide to ROHO the name, telephone number, and address of the person or entity that altered the ROHO wheelchair mattress sections to create the infringing wheelchair cushions that were then offered for sale by MHI.

The Court retains jurisdiction for the sole purpose of enforcing the injunction. The Clerk is directed to (1) terminate any pending motion and (2) close the file.

ORDERED in Tampa, Florida, on May 31, 2005.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:    US Magistrate Judge
       Courtroom Deputy